Tsvetana Bombeva
Psc2, Box 6141
APO, AE, 09012
Ph: +49-157-542-64097
Email: bombeva@gmail.com
Pro se



OCT 01 2025

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DR. TROY E. MEINK, SECRETARY OF ) <br> THE UNITED STATES AIR FORCE, ) <br> ) <br> COL CELINA NOYES, OFFICER OF ) <br> THE UNITED STATES AIR FORCE ) <br> ) <br> Defendants, | Case No.: 3:25-cv-00261-SLG  CV |

## MOTION TO ALLOW PLAINTIFF TO PROCEED AS "JANE DOE"

Plaintiff, Jane Doe, proceeding pro se, respectfully moves this Court for leave to proceed under a pseudonym to protect herself, her family, and witnesses from harassment and unnecessary invasion of privacy.

### 1. Basis for Anonymity

The Defendant(s)' sole basis for Plaintiff's removal was a series of purported "polygraph examinations" that were, in fact, unlawful interrogations. During these sessions, Plaintiff was asked invasive and graphic questions about her marriage and sex life, even though such questions are explicitly prohibited. See Annex B, §4(e); SEAD-2; ICPG 704.6(E)(4).

The Defendant(s) later labeled these as "Counterintelligence Scope Polygraph examinations," yet they violated nearly every applicable safeguard designed to protect the privacy and safety of subjects. The misconduct was so severe that discovery will necessarily involve transcripts and recordings of these unlawful interrogations, which contain deeply personal information that should never have been elicited.

Because these illegal interrogations form the only alleged basis for removal, disclosure of Plaintiff's identity would compound the harm, exposing her private life to the public

## 2. Prejudice Without Anonymity

The need for anonymity is not speculative, it is based on Plaintiff's lived experience. In a prior proceeding before the U.S. Court of Appeals for the D.C. Circuit, filings using Plaintiff's real name became public. Shortly thereafter, the Defendant attempted to retaliate again, moving to remove her a second time. That effort failed only because Plaintiff was employed as a contractor, with a record of strong performance, rather than as a direct federal employee.

If the filings in this case become public again, Plaintiff may not be able to protect her job this time, and further retaliation could succeed despite her performance. Disclosure of her identity would therefore not only expose deeply personal details to the public record but also create an immediate risk to her livelihood. See Doe v. National Security Agency, 6 M.S.P.R. 555 (1981), aff'd, 678 F.2d 482 (4th Cir. 1982).

Plaintiff is an intelligence professional who currently holds Top Secret clearance with SCI access. Public disclosure of intimate details and of her identity would not only risk reputational harm and prejudice to her security clearance but also increase the likelihood that she will be targeted by foreign intelligence services because of her position and access. That targeting would threaten her personal safety and national-security-related risks that cannot be remedied by ordinary public redress.

### 3. Balancing of Interests

The public's interest lies in uncovering the Defendant(s)' misconduct, not in exposing Plaintiff's identity. Allowing Plaintiff to proceed anonymously ensures she can vindicate her rights without being victimized a second time by disclosure of intimate details the Defendant(s) had no lawful right to obtain. By contrast, the Defendant(s) have no legitimate interest in publicizing Plaintiff's name.

The false characterization of Plaintiff's removal as "failing to fulfill a condition of employment" has now been republished in an official opinion of the D.C. Court of Appeals on 15 August 2025 which has immediately affected her career. This publication, which is

publicly searchable online, demonstrates that the Defendant's misrepresentation has been amplified beyond the internal personnel records, resulting in ongoing and tangible harm to my professional reputation and career prospects. The widespread availability of this incorrect information underscores the seriousness and continuing nature of the harm caused by the Defendant's actions. The inclusion of this false statement in a judicial opinion further documents the Defendant's pattern of misclassification and retaliation, providing additional evidentiary support for my case.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to proceed under the pseudonym "Jane Doe," together with such other relief as may be just and proper.

Respectfully submitted,

*[signature]*

Dated: 09/23/2025

Tsvetana Bombeva
Psc 2, Box 6141
APO, AE, 09012
Ph: +49-157-542-64097
Email: bombeva@gmail.com