IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>TROY E. MEINK and CELINA NOYES,<br><br>    Defendants. | Case No. 3:25-cv-00261-SLG |

## ORDER OF DEFICIENCY

On October 1, 2025, the Court received a civil complaint, a civil cover sheet, and two motions from self-represented litigant "Jane Doe" that have been filed in the District of Alaska's Case Management/Electronic Case Files (CM/ECF) system and assigned a case number, as set forth above. Docketed items are the official court record.

This action is deficient because Plaintiff has not filed the $405 filing fee or filed a completed application to waive payment of the filing fee.[1]

**IT IS THEREFORE ORDERED:**

1. Within **30 days of the date of this order,** Plaintiff shall either pay the $405 filing fee or file a completed application to waive payment of the filing fee

---

[1] *See* Local Civil Rule 3.1.

(Form PS11). Failure to do so may result in the dismissal of this case without further notice to Plaintiff.

2. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[2] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

4. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[3] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to the plaintiff.

5. When the Court receives a filing from a self-represented litigant, the Clerk's Office will mail a Notice of Electronic Filing ("NEF") from the Court that

---

[2] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[3] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

indicates when the document was filed and the docket number of the document in the electronic case file for the case.

6. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

7. Copies of documents filed with the Court may be obtained from the Clerk's Office for $0.50 per page.[4] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access kiosk cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[5] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[6] In the event of special circumstances

---

[4] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[5] PACER, *Electronic Public Access Fee Schedule,* https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Aug. 13, 2025).

[6] PACER, *Pricing Frequently Asked Questions,* https://pacer.uscourts.gov/help/faqs/pricing (last

or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[7]

8. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedure or assistance accessing legal forms and resources. Please be advised that Clerk's Office staff are prohibited by law from providing legal advice.

9. With this order, the Clerk of Court is directed to send (1) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT" and (2) form PS11, Application to Waive the Filing Fee (Non-Prisoner).

DATED this 19th day of November 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

accessed Aug. 13, 2025).

[7] *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed **before** an application to waive [ ]payment of fees will be considered") (emphasis added). *See also* PACER, *Options to Access Records if You Cannot Afford PACER Fees*, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Aug. 13, 2025).

Case No. 3:25-cv-00261-SLG, *Doe v. Meink, et al.*
Order of Deficiency
Page 4 of 4
Case 3:25-cv-00261-SLG    Document 5    Filed 11/19/25    Page 4 of 4