# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

JANE DOE,

        Plaintiff,

    v.

DR. TROY E. MEINK, Secretary of the
United States Air Force, and COL CELINA
NOYES, Officer of the United States
Airforce,

        Defendants.

3:25-cv-00261-ACP

**ORDER GRANTING
EXTENSION OF TIME TO
COMPLETE SERVICE**
[Dkt. 16]

The Plaintiff filed this lawsuit on October 1, 2025.[1] Pursuant to the Court's March 27, 2026 Order, the Plaintiff was required to serve all Defendants on or before April 27, 2026.[2] On April 27, the Plaintiff filed a Notice of Compliance with the March 26, 2026 Order, explaining efforts taken to serve the Defendants.[3] The Notice indicates that service has been completed on Defendant Meink but not Colonel Celina Noyes.[4] The Plaintiff requests (1) an extension of time to complete service and (2) "direction regarding alternative service on Defendant Colonel Noyes."[5] The request is GRANTED in part.

The request for an extension of time is granted. This case is against two officers of the United States in their official capacities. Federal Rule of Civil Procedure 4(i) says that

---

[1] Dkt. 1.
[2] Dkt. 13.
[3] Dkt. 16.
[4] *Id.*
[5] *Id.* at 3.

the "court must allow a party a reasonable time to cure its failure" to serve a United States officer "if the party has served either the United States attorney or the Attorney General of the United States." Here, the Plaintiff submitted evidence showing that service on the United States attorney and the Attorney General has been completed.[6] The Plaintiff also submitted evidence of an attempt to serve Colonel Noyes.[7] The request for an extension is therefore GRANTED. Proof of service on Colonel Noyes must be submitted to the Court **on or before June 26, 2026.**

The Plaintiff's request for "direction regarding alternative service" is DENIED.[8] The Plaintiff may elect to use a professional process server or must carefully read Rule 4 of the Federal Rules of Civil procedure to determine the method by which service must be completed. Giving further guidance would take the Court outside of its role as an "impartial decisionmaker[]."[9]

IT IS SO ORDERED.

DATED this 12th day of May, 2026.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge

---

[6] Dkt. 16-1.
[7] Dkt. 16-2.
[8] Dkt. 16 at 3.
[9] *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").